## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT LEE BARNES,** | ) | |
|     **Plaintiff,** | ) | **Civil Action No. 7:21-cv-00145** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DR. YORK, <u>et</u> <u>al.</u>,** | ) | **By: Michael F. Urbanski** |
|     **Defendants.** | ) | **Chief United States District Judge** |

### MEMORANDUM OPINION

Robert Lee Barnes, a Virginia inmate proceeding <u>pro</u> <u>se</u>, commenced this civil action under 42 U.S.C. § 1983.  His complaint names three defendants:  Dr. York, Nurse Practitioner P. Hammonds, and Nurse K. Harrison.  He alleges that these three defendants violated his Eighth Amendment rights by being deliberately indifferent to his "complaints of back pain and that his pain medication was ineffective in alleviating his pain."  His complaints arise from a very limited time period of August 7, 2019 through August 23, 2019, when he was temporarily moved from Wallens Ridge State Prison and housed at Buckingham Correctional Center to participate in court proceedings.

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  <u>See also</u> 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding <u>in</u> <u>forma</u> <u>pauperis</u>, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).  Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim

cognizable in a federal district court.  See Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th

Cir. 1990).  Applying these standards to Barnes's complaint, the court concludes that it is subject

to dismissal pursuant to § 1915A(b)(1), as discussed in more detail below.  Moreover, because

nothing about his allegations suggests to the court that Barnes can cure the deficiencies in his

complaint, the court will dismiss the case with prejudice.

## I.      BACKGROUND

Barnes alleges that, upon arrival at Buckingham on August 7, 2019, he informed defendant

Harrison that he has chronic back pain, and told Harrison that he was actively experiencing both

aching and acute pain in his back muscles.  He described his aching pain as a five on a scale of

one to ten, and his acute pain as an eight.  He also told Harrison that his prescription for Motrin

was ineffective in treating his pain, and he asked for a heating pad for his back.  Harrison did not

provide the heating pad or any further treatment.  The following day, Dr. York reviewed Barnes's

medical file, but failed to take any action in response to Harrison's notes.

A week after his arrival at Buckingham, Barnes saw Nurse Practitioner Hammonds, again

complaining of chronic back pain.  He told her the Motrin was ineffective, and she responded

that she would have the medical staff at Wallens Ridge State Prison address the issue once Barnes

transferred back there.  He transferred back to Wallens Ridge on August 23, 2019.

## II.      DISCUSSION

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law."  Loftus v. Bobzien, 848 F.3d 278, 284–

85 (4th Cir. 2017) (internal quotation marks omitted).  The court construes Barnes's complaint

as alleging an Eighth Amendment violation.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that the defendant was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); see also Hudson v. McMillian, 503 U.S. 1, 9 (1992) (explaining that the requirement that a medical need be "serious" stems from the fact that "society does not expect that prisoners will have unqualified access to health care").

To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of an objectively serious medical need and disregarded that need. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Likewise, mere negligence or malpractice does not rise to the level of a constitutional violation. See Estelle, 429 U.S. at 106. Instead, the prison official's conduct must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837.

For purposes of this opinion, the court assumes that Barnes's chronic back pain and the attendant pain he describes constitutes a "serious medical condition." Even so, the facts he has

alleged are insufficient to establish that any of the defendants were "deliberately indifferent" to that condition.

In so ruling, the court finds it significant that Barnes was only housed at Buckingham for about a two-week period, and that all of his medical providers apparently knew his stay there was temporary. See Hopkins v. Koppel, No. CIV.A. RDB-10-3271, 2011 WL 1656503, at *3 (D. Md. May 2, 2011) (evaluating Eighth Amendment claim based on inadequate medical care and noting that plaintiff was a federal prisoner temporarily housed at the facility for less than three months). In addition to the brief time he was housed at Buckingham, the court notes that his back pain was a chronic condition and he was being treated back at Wallens Ridge for it (at least by being prescribed Motrin); he apparently was receiving his Motrin while at Buckingham; and he does not allege that his pain worsened while at Buckingham or that he suffered any injury as a result of any delay in treatment. In combination, these factors convince the court that Barnes has not plausibly alleged facts to show that these defendants' actions were "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." See Miltier, 896 F.2d at 851; see also Formica v. Aylor, 739 F. App'x 745, 755 (4th Cir. 2018) (explaining that a delay in medical care does not give rise to an Eighth Amendment violation unless "the delay results in some substantial harm," such as a "marked" exacerbation of the prisoner's medical condition or "frequent complaints of severe pain") (citation omitted). Although the court recognizes that "[c]ontinuing an ineffective treatment plan may evidence deliberate indifference," Perry v. Meade, 728 F. App'x 180, 182 (4th Cir. 2018) (citation omitted), here the alleged facts—particularly given the factors set forth in the preceding paragraph—are simply insufficient to rise to the level of deliberate indifference. At

most, the denial of a heating pad or additional pain medication for that brief period was the

type of "disagreement" that does not constitute a constitutional violation.

## III.    CONCLUSION

For the foregoing reasons, the court will summarily dismiss this action pursuant to 28

U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.

An appropriate order will be entered.

Entered:  April 9, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.04.09 17:55:21
-04'00'

Michael F. Urbanski
Chief United States District Judge